PICKLE *v.* BROOKS *et al.*

(Division B. October 26, 1931. Suggestion of Error Overruled February 1, 1932.)

[137 So. 89. No. 29529.]

88

.. 

D. H. Glass, of Kosciusko, Harry M. Bryan, Wells, Jones, Wells, & Lipscomb, all of Jackson, and J. M. Scott, of Carthage, for appellant.

Harry M. Bryan, of Jackson, for appellant.

Harry M. Bryan and Wells, Jones, Wells & Lipscomb, all of Jackson, for appellant.

James T. Crawley, of Kosciusko, F. E. Leach, of Carthage, and J. A. Covington, of Meridian, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

John A. Pickle filed a suit against T. H. Brooks, sheriff of Leake county, A. N. Tucker, and the United States Fidelity & Guaranty Company, for an unlawful assault and unlawful imprisonment of said Pickle during the year 1928. It was alleged that Brooks was duly elected sheriff and tax collector of Leake county, Mississippi, and that he executed bond with the United States Fidelity & Guaranty Company as sureties, and entered upon the discharge of the duties of his office as sheriff, and that the bond was given for the faithful performance of such duties and said bond was duly approved and became operative, and that said bond inured to the benefit of the plaintiff for the injury alleged in the declaration.

It was further alleged that on the 26th day of June, 1928, said T. H. Brooks duly and legally appointed A. N. Tucker deputy sheriff of said county and state, said appointment being in writing and filed in the office of the chancery clerk of Leake county, Mississippi, and that on the 30th day of June, 1928, the said A. N. Tucker took the oath of office required by law and filed the same, together with his written appointment, with the chancery clerk of said county.

It was further alleged:

"And plaintiff doth further aver that on, to-wit: the —— day of August, 1929, during the continuance in office of the said T. H. Brooks, and while he was in active discharge of the duties thereof, he did, by and through his said deputy therein appointed, commit a breach of the said condition of his said bond, in this, to-wit:

"That on August ——, 1928, as aforesaid, in company with his wife and other members of his family, plaintiff left his home and went to Carthage, in said county and state, for the purpose of there attending the Leake County Fair which was then being held; that while attending said Fair and being within the grounds thereof, plaintiff's wife sent word to him that the wife of plaintiff's son, their daughter-in-law, was very ill in the home of one Luther Presley situated some fifty yards from the said Fair Grounds; that thereupon he left the said grounds and when plaintiff reached the said Presley home he joined his wife and others who were on the front porch thereof; that while he was standing there talking with them, the aforesaid A. N. Tucker, deputy sheriff of said Leake county, Mississippi, as aforesaid, came into the yard accompanied by four other men; that the said Tucker walked upon the porch and plaintiff greeted him and shook hands with him; that thereupon the said Tucker told plaintiff that he was going to search him and, without plaintiff's consent, immediately began to search plaintiff's person, stating that it was reported that plain-

tiff had a pistol; whereupon plaintiff told the said Tucker that he, the said plaintiff, was in his shirt sleeves and the said Tucker could see that plaintiff was not armed; that plaintiff further told the said Tucker that he would not permit himself to be searched, for the said deputy sheriff had no search warrant or any other right or authority in law to search him. Plaintiff repeatedly protested the illegal and forcible search and violation of his rights, but notwithstanding his said protests the said Tucker continued to lay his hands upon plaintiff and to undertake the aforesaid unlawful and illegal search of his person; that thereupon plaintiff resisted the search and he and the said Tucker began to scuffle, both eventually landing in the yard."

Plaintiff further alleged that other persons accompanying the said Tucker assisted in the search of plaintiff and in the infliction of the injuries upon him at said time and place, and alleged that he was severely beaten by the said Tucker and injured and carried to the jail and incarcerated therein, and that the said Tucker and the said Brooks refused to permit him to have medical attention until several hours after he was incarcerated therein, and that they denied him bail, which he tendered at the time of his arrest and subsequently while in jail, and that he was kept in jail during the night and until the following morning without bail. It was further alleged that plaintiff, while in jail, begged and insisted upon the deputy sheriff Tucker obtaining a doctor for him, which the said Tucker refused to do, stating that he (Tucker) "didn't give a damn if plaintiff died" and that plaintiff could "tough it out." Also that he was left lying and suffering intensely upon the hard floor of the jail for several hours without any kind of aid or assistance.

It was further alleged: "Plaintiff avers that the condition of the aforesaid bond of the said defendants, T. H. Brooks and the United States Fidelity & Guaranty Com-

pany, has been wholly breached in that, to-wit: the unlawful and unwarranted acts as set out above of the aforesaid deputy sheriff Tucker and the men acting under his orders, were done and committed under said Tucker's authority as the aforesaid duly appointed and acting deputy sheriff of said county and state, and as the official agent and representative of the said defendant Brooks; that the said defendant Brooks, by reason thereof, has not well and faithfully performed the duties of his office as sheriff; that the said Tucker, in the acts complained of, was acting within the general scope of powers conferred upon him by his principal, the said defendant T. H. Brooks.''

The plaintiff demanded judgment against the defendants in the sum of ten thousand dollars. The bond of Brooks as sheriff was made an exhibit to the declaration, and also the appointment of Tucker as deputy sheriff and the oath of office which he took and filed with the chancery clerk. The appointment of Tucker as deputy sheriff was in the following language:

''State of Mississippi, County of Leake.

''I hereby appoint A. N. Tucker Special Deputy Sheriff of said Leake county and state and authorize him to perform all the duties required of him by law. This the 26th day of June, 1928.

''T. H. Brooks,
''Sheriff of Leake County, Miss.''

The defendants plead the general issue, and gave notice under the general issue that they would prove that at the time of the alleged injury to the plaintiff the said plaintiff was attending the Leake County Fair then in session in supervisors' district No. 2 in said county and state; that said fair was owned and controlled by the Leake County Fair Association, a chartered institution authorized to operate, control, and direct said fair through its officers, agents, and employees. That under the rules and regulations of said fair association, all

guests or persons attending and entering the inclosed premises of said fair while said association was holding its annual fair were required to enter said inclosure at a certain designated entrance, at which was located a ticket sales office in charge of certain employees of said fair, and all guests or parties entering said inclosure were required to pay the sum of one dollar as an admission fee and procure from the person in charge of said ticket sales office a ticket of admission, which ticket was not to be transferred to any other person, and was required to be worn or displayed so that the officers in charge of said fair association could see the same and thereby determine whether or not all parties within the inclosure of said fair had paid the required admission fee as required by the rules and regulations of said fair association. That any person found within the inclosure while the fair was in session without the ticket so worn or displayed, or who procured the ticket from any source other than the regular ticket salesman at the entrance of the fair grounds as aforesaid, was a trespasser, and as such subject to arrest by any officer and subject to a fine, and in addition eviction from the inclosure; and that at the session of the fair held in August, 1928, only one entrance was open to the fair inclosure, and this entrance was at the northeast corner of the same, where a ticket sales office was situated and ample facilities to wait upon all persons desiring to enter and pay the admission fee and procure a ticket. That one R. L. Joyner was an officer of the said fair association and met the plaintiff within the inclosure, and seeing no ticket said officer called the plaintiff and asked him if he had a ticket and was informed by the plaintiff that he did. Whereupon the said officer called upon him to produce the same and wear it in accordance with the regulations. The plaintiff informed the officer that he had procured the ticket at a different place from that where the regular tickets were sold. That said officer requested the said

plaintiff to go to the ticket sales office and see if he was registered, which he refused to do. That said plaintiff was a trespasser upon the fair grounds and resisted arrest by the said Joyner. Whereupon Joyner notified other persons, including A. N. Tucker, the constable of said district No. 2 of the said county in which district the fair was being held, and the said persons followed the plaintiff off the fair grounds to the home of Presley where he was placed under arrest for said offense of trespass. That the said plaintiff resisted the arrest and assaulted said Tucker, and that said Tucker defended himself by knocking plaintiff down, and that the difficulty in which the plaintiff was injured was provoked wholly by the plaintiff.

The notice was amended so as to show that plaintiff was drunk upon the fair grounds and at the time of his arrest and when he was placed in jail, and that he was drunk in the presence of Tucker, and that Tucker and the other parties pursued him from the fair grounds after he had resisted arrest by Joyner, an officer of the fair association. It was further asserted in the notice that the defendant Tucker has been continuously since January 7, 1924, a duly qualified and acting constable in supervisors' district No. 2, Leake county, in which district the said Leake County Fair is located, and at which point the alleged injury was received, and that said Tucker never at any time acted in the capacity of deputy sheriff in said district No. 2, but that all his official acts within the said district were performed as a constable, and that he was acting in his capacity as such constable on the occasion complained of by the plaintiff. That the appointment of said Tucker as deputy sheriff, as made by Sheriff T. H. Brooks, was made for the sole purpose of securing the assistance of said Tucker in Leake county outside of supervisors' district No. 2, and giving legal sanction to the acts of said Tucker outside of district No. 2.

It appears from the evidence of the plaintiff that he bought the ticket at the west gate of the fair from some person purporting to sell tickets to the fair, and that he entered the fair grounds and was not drinking, and when accused by Joyner displayed his ticket and informed Joyner where he procured it, and that Joyner informed him that he was a trespasser and that he would have to buy another ticket or get off the grounds. That he stated to Joyner that he had no money with which to procure another ticket, and that he would leave the fair grounds, and did so, but that he was followed to his son-in-law's home opposite the public highway therefrom by Tucker, Joyner, and others, and seized and searched without being informed that he was arrested for any offense, and when he (the plaintiff) demanded the said Tucker to show his warrant, that Tucker stated he needed none, and that he refused to submit to the search and was seized and searched and then assaulted by Tucker. The plaintiff does not testify, nor is there any testimony, that Tucker told him at the time that he was acting as a deputy sheriff.

According to the defendants' witnesses, Pickle was upon the fair grounds in an intoxicated condition, and when approached by Joyner about his ticket exhibited a ticket and stated that he purchased it at the west gate of the fair and refused to go with Joyner to the ticket office to see if he was registered as a ticket purchaser. That when he refused to go with Joyner, Joyner sought to arrest him, and that Pickle refused to be arrested, and when Joyner called for help the plaintiff left the grounds but was followed by Joyner and Tucker and two other officers of the Leake County Fair Association, one of whom was the ticket salesman. That when Tucker reached the home of Mr. Presley he told Pickle he would have to arrest him for being a trespasser upon the fair grounds and being drunk thereon in the presence of other persons. That as an incident of the arrest, the said

Tucker having taken hold of and arrested the plaintiff, he was searched, and that when the officer assisting in the search released Pickle he assaulted Tucker by striking him in the face; whereupon Tucker struck him, but the blow did not stop Pickle, who again advanced upon Tucker and was again struck by him, this time being knocked down. He was taken from the place of arrest into the public highway where Pickle, according to the evidence of the defendants, renewed the assault upon the officers and abused them, calling them opprobrious names, and being then drunk the officers carried him to jail and locked him in the jail. According to the defendants' evidence, a physician was procured by the sheriff shortly after he was placed in jail, and he was given proper medical attention but was held in jail because he was in a drunken condition and threatening the officers, and it was unsafe for him to be at large in that condition.

The sheriff and the constable both testified that Tucker was acting in his capacity as constable of district No. 2 at the time of the arrest of Pickle and his incarceration in jail. Tucker was jailer at the same time. There is no testimony to show that anything was said at the time Tucker arrested Pickle as to what capacity he was then acting in. It appears from the evidence of Tucker and the sheriff that Tucker had no warrant and the sheriff had not directed Tucker to make any arrests of the plaintiff or any other person upon the fair grounds or within district No. 2 during this period of time. The persons who were acting as officers of the Leake County Fair Association had not been appointed by the sheriff as deputies or peace officers for the fair association. They had been appointed by the fair association as officers to keep trespassers out of the fair grounds and to protect the people there assembled, it apparently being assumed that the fair association had such authority. Such persons had not been appointed, however, by the sheriff or

deputized to represent him in any capacity, and it is not contended that they were deputies of Brooks, the sheriff.

It will be noticed from the statement of the case that the suit was defended upon the ground that Tucker in arresting and in striking the plaintiff was acting in his capacity as constable of district No. 2, for which office he had been duly elected and was qualified for doing the things required by law. It will be noted from his appointment as deputy sheriff that he was not appointed as a general deputy sheriff, but that he was appointed as a special deputy sheriff. However, his duties were not specified in the appointment, nor was there an undertaking therein to state what acts he could perform or where the acts would be performed. In other words, there was nothing in the appointment to show that Tucker's acts were to be exercised entirely outside of district No. 2. It was proven that Tucker had executed certain process in district No. 2 in the name of the sheriff, by himself as special deputy sheriff; all this process, however, had issued either from the circuit court or the chancery court of the county and had been directed to the sheriff.

The question is presented in this case as to whether an officer who is a regularly elected constitutional officer qualified as such, but who is also a special deputy sheriff by appointment of the sheriff, and who makes an arrest without a warrant for a misdemeanor committed in his presence or attempts to make an arrest without lawful authority, is liable as a constable or liable as a deputy sheriff. It is the duty of the constable under the law to preserve the peace in his district and to arrest all persons committing a misdemeanor in his presence and to arrest a person committing a felony, whether in his presence or not, and make affidavit against them for said offense. This duty is imposed by law, and he is indictable if he wilfully fails and refuses to discharge such duty. The powers and duties of the constable's office are imposed upon him by law; he does not derive them from

any other person. We think that within the limits of his district the duties imposed by law are paramount, and his official acts in making an arrest with or without warrant will be attributed to his powers and duties as a constable, unless it affirmatively appears that he was acting otherwise. In other words, it must affirmatively appear that he was executing a warrant, either valid or void, directed to the sheriff, or that he had been commanded by the sheriff to do the act involved. It was certainly competent, we think, for the defendant Tucker to show that he was acting in his capacity as constable. There is nothing in the evidence from which it could be inferred that he was acting on behalf of the sheriff. We are of the opinion, therefore, that the acts in question are to be attributed to Tucker as a constable.

It will be noted from the statement of the facts that the declaration was carefully drawn so as to charge Tucker as being a deputy sheriff; that the suit was against the bond of the sheriff, and the acts of Tucker were stated to be the acts of the sheriff in his official capacity, for which his bond was responsible. The bond of the sheriff and the constable being separate obligations, usually signed by separate sureties, there could be no joint action upon both bonds for the same act of Tucker. In other words, the declaration could not declare upon both bonds in the same suit. The plaintiff carefully drew his declaration so as to conform to this requirement, and the suit in question is distinctly a suit against the sheriff on the theory that the deputy was acting for and on behalf of the sheriff, and that Tucker's act was the act of the sheriff, and, while the concluding part of the declaration prayed for judgment against the defendants, using the plural term, and the verdict of the jury was in favor of the defendants, we think this judgment only relieves Tucker and the sheriff from liability as the sheriff and deputy sheriff. We are therefore of the opinion that the affirmance of the judgment does not

adjudicate the liability of Tucker as constable. In the view that we have taken of the case it does not become necessary to consider or decide whether or not the force used by Tucker at the time of the arrest was excessive and unlawful. We think it is clear that there was no liability on the sheriff's bond and against the sheriff and against Tucker as deputy sheriff, because, as stated, the act of Tucker at the time of making the arrest was in his capacity as constable.

We find no reversible errors in the proceeding that would warrant us in reversing the case, and it will be affirmed without prejudice to a new suit against Tucker on his bond as constable.

Affirmed.