[Civil No. 4192. Filed November 18, 1940.]

[107 Pac. (2d) 203.]

NICHOLAS TRUOG, Appellant, v. AMERICAN BONDING COMPANY OF BALTIMORE, a Corporation, Appellee.

Mr. Dwight L. Solomon and Messrs. Marks & Marks, for Appellant.

Messrs. Silverthorne & Silverthorne, for Appellee.

ROSS, C. J.—This is an action brought by Nicholas Truog against J. E. Donnell, deputy game warden, and William H. Sawtelle, state game warden, and their respective bondsmen, American Bonding Company of Baltimore and Hartford Accident and Indemnity Company, for damages for personal injury sustained by a gunshot wound inflicted by defendant Donnell.

The appeal is from an order sustaining defendant American Bonding Company's demurrer to the complaint and the entry of a judgment of dismissal as to such defendant.

That part of the complaint supposed to allege the grounds of plaintiff's cause of action for damages against Donnell's surety reads:

"That on or about the 16th day of October, the defendant J. E. Donnell, working under the control of the defendant William H. Sawtelle, was in Coconino Valley supervising, looking after the game, and protecting the game, and seeing that the laws of the state of Arizona in regard to game *was* duly adhered to by the people who were hunting, or on the ground for the purpose of hunting, and was performing said duty, and in the discharge of said duty, and while in the discharge of said duty, and on the business of the game warden, looking after the wild life of the State of Arizona, and discharging the duties of protecting the game, shot at some animals or fowls, in the discharge of his duties as such deputy game warden, which bullet from said gun of said deputy game warden, struck the plaintiff in the middle of the left wrist, while plaintiff was in plain view, . . . "

The duties imposed on a warden and his deputies are set out in section 10, chapter 84, Laws of 1929, which reads.

"Section 10. Duties and Powers Of Warden and Deputies. The state game and fish warden shall have general supervision and control of all deputy wardens, and under the supervision and direction of the commission enforce all provisions of this act. The state game and fish warden and his deputies may execute all warrants issued for a violation of this act; serve subpoenas issued in any matter arising under this act; and any deputy warden, except peace officers, may search without warrant where he has reasonable cause to believe that animals, birds, or fish, or any part thereof, or the nests or eggs of birds, or spawn or eggs of fish, are possessed in violation of law, and in such case examine, without warrant, the contents of any aircraft, boat, vehicle, box, locker, basket, crate, game bag or other package, and tent or building, other than a dwelling house, to ascertain whether any of the provisions of this act have been or are being violated; seize all animals, birds, or fish, or parts thereof, or nests or eggs or birds taken or possessed in violation of law, or showing evidence of illegal taking, and seize and confiscate all devices illegally used in taking animals, birds, or fish and firearms illegally possessed and to hold the same subject to the order of the commission; and generally exercise the powers of peace officers in the enforcement of this act."

 There is nothing in this statute that makes it the duty of a deputy game warden to shoot at "animals or fowls," but even if there were, there is no fact alleged showing a necessity for its exercise. It is true plaintiff alleges Donnell was "protecting the game, and seeing that the laws . . . in regard to game *was* duly adhered to," but it is difficult to see how he could protect game by shooting it. It is plain that Donnell was not discharging any duty imposed upon him by section 10, *supra.* His duties are enumerated in said

section and none of such duties requires him to shoot, as alleged, "the wild life of the State of Arizona."

The bond the state game and fish warden and his deputies are required to give the state is "conditioned for the faithful performance of their duties." Section 9, Id. When such officers undertake to do something outside their duties as prescribed by law, they are acting for themselves and their sureties are not liable for such acts. If defendant Donnell was hunting, his act in shooting at an animal or fowl was as unofficial as would be the same act if performed by a private citizen. When a sheriff goes hunting or fishing, he shoots the game or catches the fish (if lucky), not as an official but as a private citizen, and his surety while he is on such expedition is not liable for his torts. The distinction thus made was recognized by this court in *Miles* v. *Wright*, 22 Ariz. 73, 194 Pac. 88, 12 A. L. R. 970; *Weidler* v. *Arizona Power Co.*, 39 Ariz. 390, 7 Pac. (2d) 241. Other cases to the same effect are *Taylor* v. *Morgan*, 43 Okl. 142, 141 Pac. 679; *People* v. *Pacific Surety Co.*, 50 Colo. 273, 109 Pac. 961, Ann. Cas. 1912C, 577. The text law is:

"As a general rule, the official bond of a sheriff or constable imposes liability only for what the officer unlawfully does or omits to do in the execution of his office or of some official duty imposed by law, and does not cover any act or omission done without authority of law or in his private or personal capacity as a man or citizen, . . . 57 C. J. 1013, sec. 793.

Plaintiff suggests that the allegations of his complaint do not import that Donnell was on "a private mission of his own" and in that connection states that "the duties of a game warden may properly include the hunting and shooting of predatory animals or fowls, the hunting and shooting of game animals for purposes of specimen, observation or research and other activities in connection therewith.

The legislature has imposed no such activities on the game warden or his deputies, and if it had, the allegations of the complaint fail to show that Donnell was in the performance of any such activities when he shot and wounded plaintiff. The allegation that defendant Donnell was "in the discharge of his duties as such deputy game warden" is a mere conclusion of the pleader. He may or may not have been discharging a duty, but this we cannot know without the facts being stated.

We think the court properly sustained the demurrer of and dismissed the action as to defendant American Bonding Company of Baltimore. The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.