192 P.2d 243

**CHAUDOIN et al. v. FULLER.**

**No. 5027.**

Supreme Court of Arizona.

April 14, 1948.

As Modified on Denial of Rehearing

May 6, 1948.

Kramer, Morrison, Roche & Perry, of Phoenix, Porter Murry, of Clifton, and Conner & Jones, of Tucson, for appellants.

H. Earle Rogge, of Clifton, Ralph Bilby, Harold C. Warnock, and Knapp, Boyle, Bilby & Thompson, all of Tucson, for appellee.

STANFORD, Chief Justice.

We are designating the parties to this action as they were in the trial court, the appellee as plaintiff, and appellants as defendants.

On April 21, 1945, at Morenci, Arizona, while plaintiff was in the bar and restaurant of the Longfellow Inn at approximately 9 P.M., defendant Bass, in arresting plaintiff for disturbing the peace, fired a tear-gas gun, from a distance of approximately three feet, into the face of plaintiff. At the time of the arrest defendant Bass, who was wearing the badge of a deputy sheriff, was one of the regularly appointed deputies of his codefendant Joe Chaudoin, ther

Sheriff of Greenlee County in which the town of Morenci is located.

The testimony shows that as he made the arrest he stated to plaintiff: "You are under arrest. I am a deputy sheriff." The testimony further shows that the gas gun was issued to him by the sheriff's office, and that he had carried the same for two or three years prior to the time of arrest, and had received instructions about the use of same under the supervision of the sheriff's office.

When the gas struck plaintiff's eyes he became helpless and defendant Bass pulled him out into the hall, and, without rendering any aid to plaintiff, placed him in the county lockup at Morenci. Defendant Bass immediately thereafter left Morenci for several days, and the duty of caring for plaintiff devolved on other personnel of the sheriff's office.

The tear gas having blinded the plaintiff, and having no facilities in jail, he attempted to care for himself by swabbing his eyes with a dirty sock moistened from the water in the toilet bowl. The next morning he was taken by Deputy Sheriff Chapman to the hospital.

Other facts will be related as we proceed with the case.

This action was brought by the plaintiff against the defendants herein asking for damages in the sum of $50,000 against the sheriff and his deputy, and for judgment

against the defendant The Hartford Accident & Indemnity Company, surety on the bond of the sheriff, in the sum of $10,000.

The case was tried in November, 1946, before the court without a jury. Judgment was rendered on behalf of plaintiff against each of the defendants in the sum of $10,-000. From the judgment so rendered the case was brought to this court on appeal.

The first assignment of error made by defendants Chaudoin and the Indemnity Company is that in the findings of fact of the court no liability attached to the defendants Chaudoin and the Indemnity Company for the reason that the court did not find that the defendant Bass, as deputy sheriff, was making a lawful arrest of the plaintiff, but on the contrary found that the plaintiff Fuller was not committing or attempting to commit any aggressive act at said time, nor attempting to commit or threatening to commit bodily harm on defendant Bass.

The second assignment of error of Chaudoin and the Indemnity Company is that it was in the Longfellow Inn at Morenci, Arizona, where Bass was a constable, that the occurrence took place; that Bass had no warrant for the arrest of Fuller and had not been directed or instructed by the sheriff to arrest Fuller; that neither the sheriff, nor the sheriff's office, had any knowledge or notice of the occurrence before it happened; that Bass acted as a constable on his own judgment

without a warrant in attempting to arrest the plaintiff, and had no option to choose his official capacity in making the arrest.

Defendant Bass for his assignments of error adopts the two assignments made by the other two defendants, and for himself submits Assignments of Error Nos. 3 and 4. Assignment No. 3 is:

"  *   *   *  that the findings of fact are not supported by the pleadings in this case in that this defendant is sued with the defendants, Joe Chaudoin and Hartford Accident and Indemnity Company, for acts alleged to have been committed by this appellant as deputy sheriff, whereas the findings of fact are that this defendant was not acting within the scope of his authority as deputy sheriff and in legal effect that he was acting as a private individual. *   *   *"

Assignment No. 4 is:

"  *   *   *  that if the findings of fact are to be construed as finding that this appellant acted as a peace officer at the time and place in question, he was on the undisputed evidence as a matter of law acting as a constable and not as a deputy sheriff; that the plaintiff in this case has not attempted to sue this appellant, or the surety on his bond, as constable and has founded his case on the alleged liability of this appellant as the deputy sheriff of said county; *   *   *"

Section 12-203, A.C.A.1939, under the heading of "Officer liable for acts of deputy —Bond of deputy," reads:

"Every officer is liable on his official bond for any official negligence or misconduct on the part of any of his deputies, clerks or assistants, and may require an official bond from a deputy appointed by him, in an amount not greater than, and conditioned as, that required of the principal officer. The bonds of deputies, clerks or employees, unless otherwise provided by law, shall be approved by the appointing power."

We also quote a part of another section of our code which is pertinent in the instant case, the same being taken from Section 44-124, A.C.A.1939, under the heading of "Arrest by officer without warrant—When lawful":

"A peace officer may, without a warrant, arrest a person:

"(a) When the person to be arrested has committed a felony or misdemeanor in his presence. In the case of such arrest for a misdemeanor, the arrest shall be made immediately or on fresh pursuit."

The theory of the case in the superior court taken by defendants Joe Chaudoin and The Hartford Accident & Indemnity Co. was in keeping with their pleadings, and on such pleadings they have alleged the following:

" * * * the plaintiff herein resisted arrest and threatened and attempted to do great bodily harm to the arresting officer and that the means taken by said officer, to accomplish said arrest and to protect himself from such bodily harm, were necessary and reasonable and proper in the premises and under the circumstances and conditions then existing or apparent."

Following this pleading said defendants further alleged that Holland Bass made said arrest in his capacity as constable and not as deputy sheriff. The defense testimony in the trial court supported the allegations of the answer, but now the defense that the assault was justified has been abandoned.

We quote from the findings of fact made by the trial court:

"3. That at said time and place and in attempting said arrest the defendant Holland Bass was acting in the capacity of a deputy sheriff to the said defendant Joe Chaudoin.

"4. That at said time and place the plaintiff Gerald B. Fuller was not resisting any lawful arrest by the defendant Holland Bass, nor was he at said time and place committing or attempting to commit any aggressive act, or attempting or threatening to commit bodily harm upon said defendant."

Defendants' interpretation of finding No. 4 of the trial court is expressed in their brief as follows:

"In the case at bar, the facts as found by the trial court are that there was no offense committed in the presence of the deputy, Bass, and that there was no reason for his arresting Fuller. Consequently

148

Bass did not have any authority for making the arrest and his act was not an official act as set forth by our statutes. * * * "

And the defendants offer in support of their view the cases of Miles v. Wright, 22 Ariz. 73, 194 P. 88, 12 A.L.R. 970; Weidler v. Arizona Power Co., 39 Ariz. 390, 7 P. 2d 241; Truog v. American Bonding Co. of Baltimore, 56 Ariz. 269, 107 P.2d 203.

Defendants quote from Miles v. Wright, supra [22 Ariz. 73, 194 P. 92], the following:

"The law being that a peace officer may not make an arrest for a misdemeanor committed or attempted out of his presence without a warrant, the complaint doubtless should have been more definite and certain in stating the grade of the offense with which plaintiff was charged at the time he arrested her. If he arrested her for a misdemeanor, it would not be an official act for which his principal would be liable, * * * "

Following this quotation the defendants Chaudoin and the Indemnity Company state:

" * * * Clearly, then, the facts in instant case show that since Bass did not make a lawful arrest, he was not acting within the authority given him by his office.* * * "

■ Finding of Fact No. 4, to the effect that the plaintiff was not resisting any lawful arrest, is clearly erroneous in view of the entire record. We say this advisedly for the reason that the record shows that the plaintiff was charged in the justice court by written complaint signed by the defendant Bass with the crime of disturbing the peace, a misdemeanor, growing out of the very incident in question. To this charge the plaintiff Fuller entered a plea of not guilty and was thereafter tried and convicted. The only witness appearing against him was the defendant Bass. The original complaint before the justice court was admitted in evidence in the instant case. There was also read into the record the judgment of the proceedings of conviction and sentence of the plaintiff.

The defendants defended upon the ground that defendant Bass was attempting to effect a lawful arrest and that the plaintiff attacked him, and that he used only such force as was necessary to subdue the plaintiff. In view of the record as we have just pointed out, it is clear that this Finding of Fact No. 4 was intended to negative the defense that the plaintiff was committing or attempting to commit any aggressive act, or attempting or threatening to commit bodily harm upon the defendant Bass.

■ The court in its Finding of Fact No. 5 specifically found that "the firing of said tear gas gun into plaintiff's face, used by the defendant Holland Bass to make said arrest, was under the circumstances existing at said time and place, excessive, unnecessary and unreasonable."

In conformity with this finding of fact the court, in its conclusions of law, found as follows:

"Plaintiff's injuries were solely and proximately caused by a wanton and reckless assault committed upon him by the defendant Holland Bass."

The record made when thus honestly and correctly construed brings the fact situation clearly within the holdings of this court in the Miles, Weidler and Truog cases, supra.

The second assignment, or contention, of the defendants Chaudoin and the Indemnity Company is that defendant Bass was acting as a constable and not a deputy sheriff at the time of the commission of the offenses.

The finding of the trial court on this subject is:

" * * * That at said time and place and in attempting to arrest the defendant Holland Bass was acting in the capacity of a deputy sheriff to the said defendant Joe Chaudoin. * * *"

The testimony given by Bass on this subject is that he was wearing a deputy sheriff's badge at the time of the trouble, and used the gas gun which he received from the sheriff's office; that he was taught to use the gun by the sheriff's office; that he was paid a monthly sum of $175 by the sheriff's office for acting as deputy sheriff; and that in the testimony Bass stated definitely that when he made the arrest of plaintiff

Fuller he did it as a deputy sheriff. The testimony further shows that he was not wearing a constable's badge at the time the arrest was made and that he never had such a badge; that he was a full-time deputy under the sheriff and that he devoted his full-time to said position.

From Anderson on Sheriffs, Vol. 1, Sec. 62, p. 57, we quote the following:

"At common law the sheriff is not responsible for an act done by his deputy colore officii. The weight of authority seems to be now that the sheriff is liable not only for acts virtute officii but also for acts colore officii. * * *"

From Abbott v. Cooper, 218 Cal. 425, 23 P.2d 1027, 1030, this court adopts the following rule:

"In Johnson v. Williams [Adm'r], 111 Ky. 289, 63 S.W. 759, 760, 54 L.R.A. 220, 98 Am.St.Rep. 416, quoting from Knowlton v. Bartlett, 1 Pick, Mass. [271], 273, the court said: ' "If the act from which the injury resulted was an official act, the authorities are clear that the sheriff is answerable. If it was not an official, but a personal, act, it is equally clear that he is not answerable. But an official act does not mean what a deputy might lawfully do in the execution of his office. If so, no action could ever lie against the sheriff for the misconduct of his deputy. It means, therefore, whatever is done under color or by virtue of his office." To hold the deputy and his sureties liable to the sheriff on his

bond, it is not necessary that the deputy should be acting under color of some writ, but if he is acting under color of his office, and professing so to act, and inducing others interested to believe he is acting colore officii, he and his sureties will be bound by such acts. No other rule would be safe. Sureties are not needed on a sheriff's bond, if they are only to be held when he acts legally. They vouch for his acts, and bind themselves to make good any damage he may cause to any one while acting under color of his office.' "

All of the defendants excepting Bass claim that the latter made the arrest in question as a constable and not as a deputy sheriff. However, Tom Martellone, who was sworn as a witness in behalf of the defendants, stated that he was in the Longfellow Inn at the time of the arrest in question with his wife, sister-in-law and "another fellow" and that he saw the discharge of the tear gas gun. The following question and answer was given in the trial court in respect to the arrest:

"Q. Did Bass say that he was an officer of the law? A. Yes. He said he was a deputy—an officer of the law."

Defendants submit this quotation from the case of Pickle v. Brooks, 162 Miss. 87, 137 So. 89, 92:

"The question is presented in this case as to whether an officer who is a regularly elected constitutional officer qualified as such, but who is also a special deputy sheriff by appointment of the sheriff, and who makes an arrest without a warrant for a misdemeanor committed in his presence or attempts to make an arrest without lawful authority, is liable as a constable or liable as a deputy sheriff. It is the duty of the constable under the law to preserve the peace in his district and to arrest all persons committing a misdemeanor in his presence and to arrest a person committing a felony, whether in his presence or not, and make affidavit against them for said offense. This duty is imposed by law, and he is indictable if he willfully fails and refuses to discharge such duty. The powers and duties of the constable's office are imposed upon him by law; he does not derive them from any other person. We think that within the limits of his district the duties imposed by law are paramount, and his official acts in making an arrest with or without warrant will be attributed to his powers and duties as a constable, unless it affirmatively appears that he was acting otherwise. In other words, it must affirmatively appear that he was executing a warrant, either valid or void, directed to the sheriff, or that he had been commanded by the sheriff to do the act involved. It was certainly competent, we think, for the defendant Tucker to show that he was acting in his capacity as constable. There is nothing in the evidence from which it could be inferred that he was acting on behalf of the sheriff. We are of the opinion, therefore, that the acts in question are to be attributed to Tucker as a constable."

While we do not agree with the full import of this decision, still it can be differentiated as it will be noted that the court said that "There is nothing in the evidence from which it could be inferred that he was acting on behalf of the sheriff." It is quite different in this case, for here everything tends to show that he made the arrest as a deputy sheriff and not as a constable, and it was so found by the trial court upon conflicting evidence, hence we are not at liberty, even though we were disposed to do so, to disturb such finding. Johnson v. State, 33 Ariz. 354, 264 P. 1083.

The fact that a person is a constable cannot shield him from liability from an act patently committed by him as a deputy sheriff.

Judgment affirmed.

La PRADE and UDALL, JJ., concur.