IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

JACQUELIN JAMILEX LOPEZ SANCHEZ, ET AL.,
*Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY,
*Defendant/Appellee.*

No.   CV-24-0013-PR
Filed July 21, 2025

Appeal from the Superior Court in Maricopa County
The Honorable Rodrick J. Coffey, Judge
No.   CV2022-092441
**AFFIRMED**

Opinion of the Court of Appeals, Division One
256 Ariz. 495 (App. 2023)
**VACATED**

COUNSEL:

David L. Abney (argued), Ahwatukee Legal Office, P.C., Phoenix; and
Chase W. Rasmussen, Alexander M. Hyde, Rasmussen Injury Law, Mesa,
Attorneys for Jacquelin Jamilex Lopez Sanchez, Marlin Lopez Sanchez,
Rosario Lopez Sanchez, Iliana Ofelia Sanchez, and Orlando Lopez

Rachel H. Mitchell, Maricopa County Attorney, Pamela A. Hostallero,
Deputy County Attorney, Sean M. Moore (argued), Deputy County
Attorney, Phoenix, Attorneys for Maricopa County

Larry J. Wulkan, Peter A. Silverman, Zwillinger Wulkan PLC, Phoenix,
Attorneys for Amicus Curiae Arizona Association for Justice

JUSTICE MONTGOMERY authored the opinion of the Court, in which CHIEF JUSTICE TIMMER, VICE CHIEF JUSTICE LOPEZ and JUSTICES BOLICK, BEENE, KING, and BRUTINEL (RETIRED) joined.[*]

_____

JUSTICE MONTGOMERY, Opinion of the Court:

¶1        Under the doctrine of respondeat superior, an employer can be vicariously liable for the negligence of an employee if the employee is under the control of the employer at the time an accident occurs. *Engler v. Gulf Interstate Eng'g, Inc.*, 230 Ariz. 55, 57 ¶¶ 9–10 (2012). In this case, we must decide whether a county is vicariously liable for the negligence of a deputy county sheriff who caused an accident while engaged in his law enforcement duties. In turn, we must also decide whether under the Arizona Claims Act (the "Act"), A.R.S. §§ 12-820 to –826, a county is the proper "public entity" for notice of claim purposes pursuant to § 12-821.01(A). In reaching our decision, we consider the authority and duties of a county, a county sheriff, and the sheriff's deputies, as well as the relationship between each, under the Arizona Constitution and statutes.

¶2        We hold that, because a county does not control a deputy county sheriff when carrying out law enforcement duties, it cannot be vicariously liable for a deputy's negligence. We further hold that a sheriff in his official capacity is vicariously liable for any negligence or misconduct committed by a deputy engaged in law enforcement duties. And, although the sheriff's office is a non-jural entity, a claimant may nonetheless satisfy the requirements of § 12-821.01(A) by filing a notice of a claim against the sheriff with the county sheriff's office, which is responsible for carrying out the sheriff's administrative functions.

_____

[*] Although Justice Robert M. Brutinel (Ret.) retired before issuance of this opinion, he participated in oral argument and throughout the preparation of this opinion.

2

## I.    FACTUAL AND PROCEDURAL BACKGROUND

¶3        In June 2021, a deputy of the Maricopa County Sheriff (the "Deputy") rear-ended Plaintiffs while driving a vehicle owned by Maricopa County (the "County").[1]  The Plaintiffs thereafter filed a notice of claim pursuant to § 12-821.01(A) with the clerk of the Maricopa County Board of Supervisors (the "Board").[2]  The Plaintiffs subsequently sued the County, arguing it was vicariously liable for the Deputy's negligence under the respondeat superior doctrine.  The County moved to dismiss the complaint under Arizona Rule of Civil Procedure 12(b)(6), arguing that it lacked the requisite control over the Deputy to be held vicariously liable. The superior court agreed and granted the County's motion.

¶4        The Plaintiffs appealed, arguing that the Deputy is an employee of the County and, therefore, the County was properly liable for his negligence.  *Sanchez v. Maricopa County*, 256 Ariz. 495, 497 ¶ 11 (App. 2023).  However, the court of appeals held that because the County lacked the necessary control over deputy county sheriffs, it was not vicariously liable for the Deputy's negligence.  *Id.* at 499 ¶ 20.  The court further noted that county sheriffs qualify as public entities under § 12-820(7) for notice of claim purposes.  *Id.* at 501 ¶ 30.

¶5        We granted review because whether a county can be held vicariously liable for a deputy county sheriff's negligence and is consequently the proper public entity for purposes of § 12-821.01(A) are issues of first impression for this Court and of recurring statewide importance.  We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

---

[1]   Because the matter comes before us on a motion to dismiss, we assume the truth of all well-pleaded facts in the complaint.  *State ex rel. Brnovich v. Ariz. Bd. of Regents*, 250 Ariz. 127, 130 ¶ 7 (2020).

[2]   Section 12-821.01(A) provides that claims shall be filed "with the person or persons authorized to accept service for the public entity."  Pursuant to Arizona Rule of Civil Procedure 4.1(h)(2), service on a county is made on "the Board of Supervisors clerk for that county."  *See Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 256 ¶ 1 (2006) (noting that the county clerk is authorized to accept service on the county's behalf).

## II.    DISCUSSION

¶6        "We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6)." *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 513 ¶ 11 (2021).  We also review the interpretation of statutes and questions of law de novo.  *Staker & Parson Cos. v. Scottsdale Ins. Co.*, 257 Ariz. 542, 545 ¶ 7 (2024).   And "[w]e interpret statutes 'according to the plain meaning of the words in their broader statutory context.'"   *In re Drummond*, 257 Ariz. 15, 21 ¶ 19 (2024) (quoting *S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, 286 ¶ 31 (2023)).

¶7        Plaintiffs argue that the County is vicariously liable for the Deputy's negligence because it exercises control over the Maricopa County Sheriff (the "Sheriff") and the Deputy, and the County is the only proper "public entity" for purposes of complying with § 12-821.01(A) and for satisfying any judgment against the Deputy.   We first consider the issue of vicarious liability.

## A.  Vicarious Liability

¶8        Plaintiffs assert that the County is vicariously liable for the Deputy's negligence because it exerts control over the Sheriff and the Deputy under statutory authority and the nature of county governance. The County argues that it cannot be vicariously liable for the Deputy's negligence because it does not control a county sheriff in the exercise of his law enforcement powers and duties, which are set forth in statute. Furthermore, counties lack authority over sheriffs, who are elected as officers separate from county boards.   Accordingly, counties also lack the authority to supervise sheriffs' deputies.   Therefore, the County concludes that it "cannot and does not exert sufficient control over Sheriffs' deputies on the day-to-day execution of their duties to be vicariously liable for their conduct."

¶9        Generally, "an employer [is] vicariously liable for the negligent work-related actions of its employees." *Engler*, 230 Ariz. at 57 ¶ 9 (quoting *Tarron v. Bowen Mach. & Fabricating, Inc.*, 225 Ariz. 147, 150 ¶ 9 (2010)).   But an employer is only vicariously liable for an employee's negligence if the employee was subject to the employer's control or right to control at the time the negligence occurred.  *Id.* at 57–58 ¶¶ 9–10.   Thus,

the County can only be vicariously liable for the Deputy's negligence if he was subject to the County's control or right to control at the time of the accident. We therefore turn next to consider the respective duties and authorities of a county, a county sheriff, and a deputy county sheriff, and the relationships between them, to determine who had control of the Deputy.

### 1. County government and county officers

**¶10** Plaintiffs contend that a board controls a county sheriff and his deputies because, in part, county governance is a "hierarchical organization" in which a county's powers are exercised by a board—or agents and officers acting under a board's authority. In support, Plaintiffs cite A.R.S. § 11-201(A)(1), which authorizes a county to sue and be sued, and § 11-201(A)(3), which provides counties with the authority to make contracts.

**¶11** It is true that a county exercises its powers through "the board of supervisors or by agents and officers acting under its authority and authority of law." § 11-201(A). However, a board has "only those powers that are expressly or by necessary implication delegated to them by the legislature." *Marsoner v. Pima County*, 166 Ariz 486, 488 (1991). And neither provision of § 11-201 cited—nor any other provision of § 11-201—grants a board authority to control a sheriff and his deputies.

**¶12** As discussed at oral argument, some federal courts have relied on A.R.S. § 11-251(1) to conclude that the Board supervises the Sheriff. *See, e.g.*, *United States v. County of Maricopa*, 151 F. Supp. 3d 998, 1015 (D. Ariz. 2015) (concluding that "the Board of Supervisors is charged with supervising the [S]heriff under [§ 11-251(1)]"); *United States v. County of Maricopa*, 889 F.3d 648, 651 (9th Cir. 2018) (stating "Arizona statutes also empower counties to supervise and fund their respective sheriffs" (citing

§ 11-251(1))).[3]   Section 11-251(1) states:

> The board of supervisors, under such limitations and restrictions as are prescribed by law, may . . . [s]upervise the official conduct of all county officers and officers of all districts and other subdivisions of the county charged with assessing, collecting, safekeeping, managing or disbursing the public revenues, see that the officers faithfully perform their duties and direct prosecutions for delinquencies, and, when necessary, require the officers to renew their official bonds, make reports and present their books and accounts for inspection.

"Words in statutes, however, cannot be read in isolation from the context in which they are used."   *J.D. v. Hegyi*, 236 Ariz. 39, 41 ¶ 6 (2014).   As the court of appeals correctly recognized, § 11-251(1) "does not grant [a county board of supervisors] plenary power to supervise county officers." *Sanchez*, 256 Ariz. at 498 ¶ 12.   Instead, the supervisory power set forth in § 11-251(1), when read in context, is directed to supervising the financial duties of those "charged with assessing, collecting, safekeeping, managing or disbursing the public revenues."   *See id.* (quoting § 11-251(1)).

¶13        To read § 11-251(1) to grant a board plenary supervisory authority over a county sheriff would render many of the provisions in § 11-251 and other related statutes superfluous.   *See, e.g.*, A.R.S. § 11-219 ("The board may direct the sheriff to attend its meetings to preserve order, and serve subpoenas, notices or citations."); § 11-251(25) (giving a county power to authorize a sheriff to offer rewards for information); § 11-251(26) (giving a county power to direct a sheriff to transport "insane persons to

---

3   Curiously, neither court considered *Fridena v. Maricopa County*, 18 Ariz. App. 527 (1972), which, as discussed below, addressed a county's right to control sheriffs and deputy sheriffs.   *See In re Kirkland*, 915 F.2d 1236, 1238–39 (9th Cir. 1990) (citations omitted) ("When interpreting state law, a federal court is bound by the decision of the highest state court.   In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.").

the state hospital").   And "[a] cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous."   *Nicaise v. Sundaram*, 245 Ariz. 566, 568 ¶ 11 (2019).   Accordingly, the scope of supervision exercised by a board over a sheriff pursuant to § 11-251(1) is properly understood as relating to "fiscal supervision."   Thus, § 11-251(1) is insufficient as a matter of law to establish a board's control over a sheriff in the exercise of his prescribed law enforcement duties.

¶14        Lastly, the mere fact that a county sheriff is a county officer is insufficient to create a supervisory relationship between a board and a sheriff.   For example, the clerk of a board is an officer of a county, A.R.S. § 11-401(A)(8), and is even appointed by a board, A.R.S. § 11-241. Nonetheless, we have made clear that "[t]he Clerk of the Board of Supervisors is an officer separate and distinct from the Board, although appointed by the Board."   *Bd. of Supervisors v. Woodall*, 120 Ariz. 379, 380 (1978) (internal citation omitted).   A sheriff is no less separate and distinct. *See also* David R. Berman, *Arizona Politics and Government: The Quest for Autonomy, Democracy, and Development* 287 (2024) (discussing arguments for reforming the number and method of choosing county officers and characterizing them as "independently elected row officers").

¶15        We thus disagree with Plaintiffs' characterization of the relationship between a board and other county officers as "hierarchical." The Arizona Constitution creates county officers who are each separately and directly elected by voters with no provision subordinating one officer to another.   This includes county sheriffs.   Ariz. Const. art. 12, § 3.   And the legislature has provided for specific powers and duties for each officer that are separate and distinct from those provided to a board.   Ariz. Const. art. 12, § 4; *compare* §§ 11-201 and -251 (prescribing a board's powers and duties) *with* § 11-441 (prescribing the sheriff's powers and duties). Moreover, a county cannot remove a sheriff from office absent specified circumstances unrelated to the exercise of statutorily delegated law enforcement authority.   *See* Ariz. Const. art. 8, pt. 1 (concerning recall of officers); A.R.S. § 11-253(A) (permitting removal for refusal to make required reports or to give required performance bonds).

¶16        It is therefore clear that the constitutional and statutory construction of county government reflects a horizontal distribution of powers and duties with each officer, including the county sheriff, separately accountable to voters.  *See also* Berman, *supra* ¶ 14, at 280 (describing the division of executive authority among county officers as a "plural executive" construct).   In sum, the Arizona Constitution does not provide a board with any general authority to hire, fire, supervise, discipline, control, or prescribe duties for a sheriff.   Given the need to determine who controls a deputy in the exercise of law enforcement duties, we next examine the relationship between sheriffs and their deputies.

### 2.  County sheriffs and deputies

¶17        To start, a sheriff alone appoints deputies.    *See* A.R.S. § 11-409.   Although § 11-409 provides that a sheriff appoints deputies "by and with the consent of, and at salaries fixed by the board," that statute does not suggest that a board appoints a sheriff's deputies.    The court of appeals has accurately addressed this point:

> The fact that the [b]oard must consent to the appointment of a given employee does not make the [b]oard a separate appointing authority. This situation is somewhat analogous to the President's power to appoint cabinet-level department heads, ambassadors, and justices of the United States Supreme Court. U.S. Const. art. II § 2. While the Constitution requires such appointments to be made "by and with the Advice and Consent of the Senate," it is clear that the President remains the sole "appointing authority." *Id*.

*Hounshell v. White*, 220 Ariz. 1, 4 ¶ 14 (App. 2008).   Additionally, once a deputy is appointed, that deputy "possesses the powers and may perform the duties prescribed by law for the office of the [sheriff]."    A.R.S. § 38-462(A).   Thus, a deputy's powers and duties are likewise prescribed by the legislature and do not derive from a county.    *See* Ariz. Const. art. 12,

§ 4; § 11-441; § 38-462(A).[4]   Finally, a sheriff, not a county, has disciplinary authority over his deputies.   *See* A.R.S. § 11-356(A); *Hounshell*, 220 Ariz. at 6 ¶ 22 (noting that the legislature has not given the board the "power to supervise and impose discipline" on "deputies and employees of other county officers").[5]   In sum, a sheriff exercises control over deputies, not a county through its board.

**¶18**     Finally, the fact that the County owns the vehicle that the Deputy was driving in the accident is insufficient, by itself, to establish vicarious liability.   *See Engler*, 230 Ariz. at 55 (holding that an employer was not vicariously liable for an employee's rental car accident, despite the employer paying for the rental car).   Although an employee driving a company vehicle might be evidence supporting that an employee was subject to the employer's control and acting within the scope and course of employment, *see Alosi v. Hewitt*, 229 Ariz. 449, 455 ¶ 34 (App. 2012), a deputy who drives a county vehicle while carrying out law enforcement duties is not subject to any county control for the reasons previously explained.   Thus, based on the foregoing, the County lacks statutory authority to exercise control over the Sheriff or the Deputy in the exercise of his law enforcement duties, and thus it cannot be held vicariously liable for the Deputy's negligence.

**¶19**     Our conclusion regarding the lack of control by the County is consistent with the court of appeals' reasoning in *Fridena v. Maricopa County*, 18 Ariz. App. 527, 530 (1972).   In *Fridena*, the court held that the county was not vicariously liable for a deputy who served a defective writ of restitution because the county had "no right of control over the [s]heriff

---

[4]   There are instances, though, in which the County could conceivably control a deputy.   *See* § 11-251(26) (providing that a board may "[c]ontract for the transportation of insane persons to the state hospital or direct the sheriff to transport such persons").   But the presence of such specific statutory authorization underscores that no general supervisory authority exists.

[5]   Furthermore, a deputy's appeal of the Sheriff's disciplinary action would go to the Maricopa County Merit System Commission, *see* § 11-356(B), which acts independently of the County, *see* A.R.S. §§ 11-353 and -354.

or his deputies in service of the writ of restitution." *Id.* Subsequent court of appeals cases and most federal district courts have consistently followed *Fridena*'s reasoning. *See, e.g.*, *Hernandez v. Maricopa County*, 138 Ariz. 143, 146 (App. 1983); *Yamamoto v. Santa Cruz Cnty. Bd. of Supervisors*, 124 Ariz. 538, 540 (App. 1979); *Hetzel v. County of Pinal*, No. CV-23-00218-PHX-ROS, 2025 WL 711953, at *4 (D. Ariz. Mar. 5, 2025); *Kloberdanz v. Arpaio*, No. 2:13-cv-02182 JWS, 2014 WL 309078, at *4 (D. Ariz. Jan. 28, 2014); *Stricker v. Yavapai County*, No. CIV. 11-8096-PCT-PGR, 2012 WL 5031484, at *4 (D. Ariz. Oct. 18, 2012); *Ochser v. Maricopa County*, No. CIV 05-2060 PHX RCB, 2007 WL 1577910, at *2 (D. Ariz. May 31, 2007).

**¶20** We acknowledge, as does amicus, that the duties under consideration in *Fridena* involved the exercise of a judicial function. Nonetheless, we approve of and adopt the basic principle set forth: "When duties are imposed upon a county [sheriff] . . . by law rather than by the county, the latter will not be responsible for their breach of duty or for their nonfeasance or misfeasance in relation to such duty." *Fridena*, 18 Ariz. App. at 530 (citation omitted). Here, it is undisputed that the Deputy was carrying out statutorily imposed law enforcement duties under the Sheriff's exclusive control at the time of the accident. As such, the County cannot be held liable under the doctrine of respondeat superior. We thus turn to Plaintiffs' argument that the County must be subject to liability because it is the only proper "public entity" for purposes of filing a notice of a claim as required under § 12-821.01(A).

## B. Notices Of Claim And § 12-821.01(A)

### 1. Applicable statutes

**¶21** The Arizona Constitution provides that "[t]he legislature shall direct by law in what manner and in what courts suits may be brought against the state." Ariz. Const. art. 4, pt. 2, § 18. Accordingly, the Act sets forth the procedures a plaintiff must follow to bring an action against public entities or public employees:

> Persons who have claims against a public entity . . . or a public employee shall file claims with the person or persons authorized to accept service for the public entity . . . or public employee as set forth in the Arizona rules of civil

procedure . . . .

§ 12-821.01(A). This is also known as a "notice of claim." *City of Mesa v. Ryan*, 258 Ariz. 297, 300 ¶ 9 (2024). The notice of claim requirement permits the "public entity [or public employee] to investigate the claim, assess liability, consider settlement before litigation, and budget for possible future litigation." *Id.*

**¶22** The various governmental actors identified in § 12-821.01(A) are defined in § 12-820. A "'[p]ublic entity' includes this state and any political subdivision of this state." § 12-820(7). A "'[p]ublic employee' [is] an employee of a public entity." § 12-820(6). And an "'[e]mployee' includes an officer, director, employee or servant, whether or not compensated or part time, who is authorized to perform any act or service, except that employee does not include an independent contractor." § 12-820(1).

## 2. Public entities and claims

**¶23** Plaintiffs' argument that the County is the proper public entity against whom a notice of claim must be filed, and therefore also the employer who must be vicariously liable for the Deputy's negligence, relies on the requirements of § 12-821.01(A) and the definitions in § 12-820. First, Plaintiffs contend that only "political subdivision[s] of this state" can be public entities that employ public employees. Therefore, they assert that the county sheriff's office cannot be a public entity because it is a county department, rather than a political subdivision.[6] Consequently, Plaintiffs conclude that a county sheriff's office cannot employ a deputy county sheriff as a "public employee."

**¶24** Second, Plaintiffs reason that a county sheriff is not a public entity because, as a county officer, the sheriff is the public employee of a public entity—a county. The Plaintiffs thus deduce that the County must be the public entity that employs the Deputy—a public employee. Therefore, Plaintiffs conclude that the County is vicariously liable for his

_____

[6] Plaintiffs further argue that a sheriff's office cannot be a public entity because it is a non-jural entity. This point is more fully discussed below, *see supra* ¶¶ 23–34.

negligence and was the proper "public entity" for service of a notice of claim. [7]   In contrast, the County argues that § 12-821.01 is irrelevant because Plaintiffs' vicarious liability claim fails as a matter of law.

¶25        Plaintiffs' arguments fail because they rest upon the false premise that § 12-821.01(A) provides for claims against a public entity. Section 12-821.01(A) addresses "persons who *have claims* against a public entity." (Emphasis added); *see also Sanchez*, 256 Ariz. at 501–02 ¶ 31.  As the plain language of the subsection demonstrates, the statute does not *create* a claim against the County just because it is a "public entity" according to § 12-820(7).  *See Sanchez*, 256 Ariz. at 501–02 ¶ 31.  Rather, § 12-821.01(A) is a procedural provision that directs how persons who already have claims provide a public entity with notice of their claims. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 ¶ 6 (2007) (stating that the notice of claim statute "describ[es] the proper method and time frame for filing claims").  Thus, Plaintiffs' arguments are unavailing because § 12-821.01(A) cannot create liability.  Rather, the facts of Plaintiffs' underlying vicarious liability claim determine which governmental actor must be served with a notice of claim pursuant to § 12-821.01(A).

¶26        We next consider Plaintiffs' contention that they must be able to file a notice of claim with the County because it is the only jural "public entity" that can employ the Deputy.   Plaintiffs' argument is predicated on Arizona courts having held that sheriffs' offices are non-jural entities.   *See, e.g.*, *Braillard v. Maricopa County*, 224 Ariz. 481, 487 ¶ 12 (App. 2010).

¶27        It is axiomatic under Arizona law that "[g]overnmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes."  *McKee v. State*, 241 Ariz. 377, 384 ¶ 28 (App. 2016) (quoting *Braillard*, 224 Ariz. at 487 ¶ 12).  "Thus, a governmental entity may be sued only if the legislature has so provided." *Id.* (quoting *Braillard*, 224 Ariz. at 487 ¶ 12); *see Kimball v. Shofstall*, 17 Ariz. App. 11, 13 (1972) (observing that "[n]either the constitution nor the statutes

---

[7]   Plaintiffs raised additional points based on the County's contracting authority, but because the arguments are not pertinent to our analysis, we decline to address them.

provide that the State Board [of Education] is an autonomous body with the right to sue and to be sued"). As noted by the Plaintiffs, a county sheriff's office does not have the authority to sue or be sued. *See Braillard*, 224 Ariz. at 487 ¶ 12. We therefore agree with Plaintiffs that a sheriff's office cannot be a "public entity" for notice of claim purposes under § 12-820.01(A). That leaves the Sheriff.

¶28 Plaintiffs contend that filing a notice of claim with the Sheriff "would have accomplished nothing" because the Sheriff is a "public employee," which requires that the Sheriff be employed by the County—a "public entity"— pursuant to § 12-820(1), (6), and (7). Plaintiffs also posit that a human being cannot be a public entity.

¶29 Section 12-820(7) provides that a "'[p]ublic entity' *includes* this state and any political subdivision of this state." (Emphasis added.) We have held that the term "includes" is a "term of enlargement, . . . encompass[ing] items that were not specifically enumerated." *Tracy v. Superior Court*, 168 Ariz. 23, 35 (1991); *see* A.R.S. § 1-215(14) ("'Includes' or 'including' means not limited to and is not a term of exclusion."). Therefore, § 12-820(7) does not necessarily preclude a county sheriff from constituting a public entity.

¶30 As we have seen, a sheriff can be, and has been, sued for his deputies' misconduct. *See, e.g.*, *Ryan v. Napier*, 245 Ariz. 54, 58 ¶ 7 (2018) (recognizing that a claimant brought a vicarious liability claim against a sheriff predicated on his deputy's negligence); *McCutchen v. Hill*, 147 Ariz. 401, 404 (1985) (stating that a sheriff is "liable for the acts of his deputies . . . '[i]f the act from which the injury resulted was an official act'" (quoting *Chaudoin v. Fuller*, 67 Ariz. 144, 149–50 (1948))), *abrogated on other grounds by*, *Cal-Am Props. Inc. v. Edais Eng'g Inc.*, 253 Ariz. 78, 83 ¶ 18 n.1 (2022); *Boies v. Cole*, 99 Ariz. 198, 205 (1965) ("A sheriff may not be held for punitive damages for the acts of his deputy *unless* he has directed, participated in, acquiesced or ratified those acts." (emphasis added)); *Miles v. Wright*, 22 Ariz. 73, 82 (1920) ("It is necessary, therefore, in an action against the sheriff, as such, for damages for a false imprisonment by his deputy, that the complaint show by proper allegations that the deputy's act was an official act."); A.R.S. § 38-463(A) ("Every officer is liable on his official bond for any official negligence or misconduct on the part of his

13

deputies . . . .").

**¶31** Properly understood, "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *See Citizens for Growth Mgmt. v. Groscost*, 199 Ariz. 71, 74 ¶ 15 (2000) (citation omitted); *see also* Ariz. R. Civ. P. 17(e) ("A public officer who sues or is sued in an official capacity may be identified as a party by the officer's official title, rather than by name . . . ."); Ariz. R. Civ. P. 25(d) (noting that an "officer's successor is automatically substituted as a party" where the "officer who is a party in an official capacity . . . ceases to hold office while the action is pending"). And there is a distinction between the administrative office created to conduct the business of the Sheriff and the constitutional office held by the Sheriff. *See Sharp v. Maricopa County*, No. CV 08-2316-PHX-DGC (JRI), 2009 WL 647349, at *2 (D. Ariz. Mar. 12, 2009) (noting that in a suit against the Sheriff and the Maricopa County Sheriff's Office, the office "is simply an administrative creation of the sheriff to allow him to carry out his statutory duties"); *Gobea v. Penzone*, No. CV-24-00457-PHX-JAT (CDB), 2024 WL 1619364, at *3 (D. Ariz. Apr. 15, 2024) ("A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and is not a 'person' amenable to suit pursuant to § 1983."); A.R.S. § 11-413 (requiring the office of a county officer to be open for a specified period each week except for the criminal division of the sheriff's office, which "shall be open at all times"). Thus, the Sheriff is a "public entity" and can be sued in his official capacity.

**¶32** As discussed, the Deputy was carrying out law enforcement duties under the control of the Sheriff at the time of the accident, rendering the Sheriff vicariously liable for the Deputy's negligence. Accordingly, the Plaintiffs have a claim against the Sheriff in his official capacity. Thus, under the facts of this case, the Sheriff is the "public entity" with whom a notice of claim can be filed. *See* A.R.S. § 11-454.

**¶33** And because the Sheriff's Office carries out the administrative functions for the Sheriff, the notice of claim for the Sheriff may be filed with his office. Indeed, notices of claim against the Sheriff are filed with the Legal Liaison Section, Compliance Division of the Sheriff's Office, which is also a different location than where notices of claim against the County and

other respective County officers must be filed. *See* Maricopa County Risk Management, Notice of Claim Form, https://www.maricopa.gov/DocumentCenter/View/16046/ClaimsForm (last visited July 11, 2025). Notably, filing a notice of claim with the Sheriff's Office does not make that office the "public entity." Rather, it simply accepts filing on behalf of the Sheriff, who is the "public entity."

¶34        Thus, the superior court was correct to grant the County's motion to dismiss regardless of § 12-821.01(A).

## C.  Financial Responsibility For Judgments

¶35        Plaintiffs and amicus argue that the County must be the public entity in cases such as this because to hold otherwise would mean that "a plaintiff's only recourse against a sheriff's deputy who causes an injury is against the deputy himself." We disagree.

¶36        A.R.S. § 11-444(A) provides that "[t]he sheriff shall be allowed actual and necessary expenses incurred by the sheriff . . . for transacting all civil or criminal business . . . and such expenses shall be a county charge." Additionally, expenses incurred in litigation concerning the duties of a county officer are considered a county charge. *See Maricopa County v. Biaett*, 21 Ariz. App. 286, 290 (1974) (concluding, in reliance on A.R.S. § 11-601(2), that attorney fees resulting from litigation concerning the scope of duties of the county recorder's office were a county charge). A money judgment entered against a county sheriff due to the negligence of one of his deputies acting within the course and scope of his statutory powers and duties is a county charge and payable consistent with § 11-444. Thus, our decision does not absolve the County from its financial responsibility to satisfy money judgments and the costs of injunctive actions incurred by the Sheriff.

## III.    CONCLUSION

¶37        For the foregoing reasons, although we agree with the court of appeals' conclusion, we vacate its opinion to replace its reasoning with our own. We affirm the judgment of the superior court.